Anna Y. Park, SBN 164242
Michael J. Farrell, SBN 266553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Gregory L. McClinton, SBN 153553
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Honolulu Local Office
300 Ala Moana Blvd, 7-127
Honolulu, Hawaii 96850
Telephone: (808) 541-3123
Facsimile: (808) 541-3390
E-Mail: Gregory.Mcclinton@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED
Clerk
District Court

JAN 1 2 2010

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ASIA PACIFIC HOTELS, INC., d/b/a SAIPAN GRAND HOTEL AND TAN HOLDINGS, INC., d/b/a TAN HOLDINGS COMPANY and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV 10 -0002<br><br>**COMPLAINT - CIVIL RIGHTS / EMPLOYMENT DISCRIMINATION**<br>Sexual Harassment<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

///
///
///
///

# NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Charging Party Michelle Bunoan. As stated with greater particularity in Paragraph 13 below, Plaintiff, the United States Equal Employment Opportunity Commission, alleges that Defendants Asia Pacific Hotels, Inc., d/b/a Saipan Grand Hotel and Tan Holdings Corporation, d/b/a Tan Holdings Company, and Does 1 - 10 ("Defendants" or "Defendant Employers") subjected Charging Party Michelle Bunoan ("Charging Party" or "Bunoan") to unwelcome sexual harassment which was sufficiently severe to create a hostile, abusive work environment.

# JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of the Northern Mariana Islands.

# PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly

-2-

1  authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42
2  U.S.C. § 2000e-5(f)(1) and (3).
3      5. At all relevant times, Defendant Asia Pacific Hotels, Inc. d/b/a
4  Saipan Grand Hotel ("Asia Pacific") has been continuously doing business in
5  Saipan and in the jurisdiction of the United States District Court of the Northern
6  Mariana Islands. At all relevant times, Defendant Asia Pacific has continuously
7  had at least 15 employees.
8      6. At all relevant times, Defendant Asia Pacific has continuously been
9  an employer engaged in an industry affecting commerce within the meaning of
10 Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).
11     7. At all relevant times, Defendant Tan Holdings, Inc. d/b/a Tan
12 Holdings Company ("Tan Holdings") has been continuously doing business in
13 Saipan and in the jurisdiction of the United States District Court of the Northern
14 Mariana Islands. At all relevant times, Defendant Tan Holdings has continuously
15 had at least 15 employees.
16     8. At all relevant times, Defendant Tan Holdings has continuously been
17 an employer engaged in an industry affecting commerce within the meaning of
18 Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).
19     9. Plaintiff is ignorant of the true names and capacities of Defendants
20 sued as Does 1 through 10, inclusive. Therefore, Plaintiff sues said Defendants by
21 such fictitious names. Plaintiff reserves the right to amend the complaint to name
22 the Doe Defendants as they become known. Plaintiff alleges that each of the
23 Defendants named as Doe Defendants was in some manner responsible for the
24 acts and omissions alleged herein and Plaintiff will amend the complaint to allege
25 such responsibility when Plaintiff has ascertained the identity of the Doe
26 Defendants.
27
28

10. It is further alleged on information and belief that the named and unnamed Defendants in this complaint are alter egos, joint employers, and/or integrated enterprises of each other.

11. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as successor, agent, employee, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

**STATEMENT OF CLAIMS**

12. More than thirty days prior to the institution of this lawsuit, Bunoan filed a charge with the Commission alleging that Defendant Employers violated Title VII. The Commission investigated the charge and issued a Letter of Determination finding that Defendant Employers subjected Bunoan to a sexually hostile work environment. Prior to instituting this lawsuit, the Commission attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. §2000e5(b). All conditions precedent to the institution of this lawsuit have been met.

13. Since in or about January of 2008, Defendant Employers have engaged in unlawful employment practices at their Saipan Grand Hotel worksite in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. Defendant

1  Employers subjected Bunoan to unwelcome sexual harassment which was
2  sufficiently severe to create a hostile, abusive work environment.
3      (a) Defendant Employers' Restaurant Manager was
4  Bunoan's immediate supervisor. That Manager subjected Bunoan to unwelcome
5  physical touching of a sexual nature. Specifically, the Manager lay down in the
6  bed in Bunoan's hotel room where Bunoan was sleeping, partially undressed her
7  and engaged in acts of physical touching of a sexual nature. The Manager undid
8  Bunoan's bra, unsnapped her skirt and lowered her panties. Bunoan awoke when
9  she felt the Manager caressing her stomach.
10     (b) The sexual conduct by Bunoan's immediate supervisor
11 was unwelcome. When Bunoan awoke to find herself undressed and her Manager
12 touching her in a sexual manner she immediately began to scream and cry. The
13 local police officials were called and the Manager was taken into custody.
14 Bunoan wanted criminal charges to be filed against the Manager for the
15 unwelcome sexual conduct and wanted him to be held in custody.
16     (c) The sexual conduct was severe as it included undressing
17 Bunoan to expose her and physically touching her in a sexual manner without her
18 consent.
19     (d) Defendant Employers failed to take reasonable steps to
20 prevent and correct the harassment. This failure includes, but is not limited to, the
21 fact that Defendant Employers did not provide Bunoan or the Manager with their
22 anti-harassment policy and the fact that they did they require that the Manager
23 attend the Company's EEO training regarding those policies. After the sexual
24 harassment occurred, Defendant Employers attempted to cover up the incident by
25 trying to coerce Bunoan into leaving the CNMI by threatening to make a false
26 report to authorities regarding her immigration status.
27
28

14. The effect of the practices complained of in Paragraph 13 above, has been to deprive Bunoan of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

15. The unlawful employment practices described in Paragraph 13 above were intentional.

16. As a direct and proximate result of the acts of Defendants, as described above, Bunoan has suffered pain and suffering, inconvenience, loss of enjoyment of life, humiliation and emotional distress damages, all to be proven at trial.

17. As a direct and proximate result of Defendants' acts as described above, Bunoan suffered a loss of earnings in an amount to be proven at trial.

18. The unlawful employment practices described in Paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Bunoan.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their respective officers, successors, assigns, agents, and all persons in active concert or participation with them, from engaging in any employment practices, including sexual harassment, which discriminate on the basis of sex

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employers to make whole Bunoan by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices.

1      D.    Order Defendant Employers to make whole Bunoan by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

    E.    Order Defendant Employers to make whole Bunoan by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Employers to pay Bunoan punitive damages for their malicious and/or reckless conduct as described above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest

    H.    Award the Commission its costs of this action.

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                              JAMES LEE
                              Acting General Counsel

                              GWENDOLYN YOUNG REAMS
                              Associate General Counsel

                              U.S. Equal Employment Opportunity
                              Commission
                              131 M Street, N.E.
                              Washington, DC 20507

Date: January 11, 2010            BY:

                              ANNA Y. PARK
                              Regional Attorney

                              _____
                              MICHAEL J. FARRELL
                              Supervisory Trial Attorney

                              GREGORY L. McCLINTON
                              Senior Trial Attorney

                              U.S. Equal Employment Opportunity
                              Commission
                              Los Angeles District Office
                              Honolulu Local Office